THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 South Carolina
 Farm Bureau Mutual Insurance Company, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Gerald J. Smith
 and Patsy Smith as Guardian and Mother In the interest of: T.T., L.T., and G.T., Appellants.
 
 
 
 
 

Appeal From Saluda County
William P. Keesley, Circuit Court Judge

Unpublished Opinion No.  2010-UP-274
Submitted May 3, 2010  Filed May 19, 2010

AFFIRMED

 
 
 
 Harry L. Goldberg and William R. Padget, both
 of Columbia, for Appellants.
 Carey M. Ayer, of Lexington, for
 Respondent.
 
 
 

PER CURIAM: Gerald and Patsy Smith (Insured) appeal
 the circuit court's order declaring they are not entitled to underinsured
 motorist coverage for a June 7, 2002 accident because they failed to renew
 their automobile policy with South Carolina Farm Bureau Mutual Insurance
 Company (Farm Bureau).  On appeal, Insured argue the circuit court erred in
 finding Farm Bureau mailed its renewal terms and statement of premium.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities: Auto Owners
 Ins. Co. v. Newman, 385 S.C. 187, 191, 684 S.E.2d 541, 543 (2009)
 (explaining in a declaratory judgment action when the purpose of the underlying
 dispute is to determine whether coverage exists under an insurance policy, the
 action is one at law, and this court will not disturb the circuit court's
 findings of fact unless there is no evidence to reasonably support them); S.C.
 Code Ann. § 38-75-750(d)(1) (2002) (stating an insurer may satisfy its obligation to furnish
 renewal terms and statement of premium by "mailing or delivering renewal
 terms and statement to the insured at his address shown in the policy or, if
 not reflected therein, at his last known address, not less than thirty days
 prior to expiration or anniversary").
AFFIRMED.
GEATHERS and
 LOCKEMY, JJ., and CURETON, A.J., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.